UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                    Case No.: 2:17-cr-20740-2

v.                                   Hon. Gershwin A. Drain

JERRAY KEY,

          Defendant.

_____/

## **ORDER DENYING NON-PARTY CHARLES BLACKWELL'S MOTION TO UNSEAL PLEA AGREEMENT, TRANSCRIPT, AND SENTENCING MEMORANDA [ECF No. 890]**

Presently before the Court is non-party Charles Blackwell's Motion to Unseal Plea Agreement, Plea Hearing Transcript, and Sentencing Memoranda as to Defendant Jerray Key. The Court concludes that a hearing will not aid in the disposition of this motion and will determine the outcome on the briefs. The motion is denied.

Mr. Blackwell, a non-party to this criminal case, filed an "application to unseal judicial records" as to Defendant Jerray Key. *See* ECF No. 890. Mr. Blackwell states that he is a watchdog and tracks federal litigation in the Eastern District of Michigan. *Id.* at PageID.5248. He argues that the Court violated the First Amendment and the common law by sealing Defendant Key's plea agreement, plea

1

hearing transcript, and sentencing memoranda. *Id.* at PageID.5249. Mr. Blackwell notes that under the First Amendment, the public has a right to access criminal documents related to pleas and sentencing memoranda. *Id.* at PageID.5251–52. He claims that ever since Defendant Key pled guilty, Defendant Key has asserted that the Assistant U.S. Attorneys in his case were "lying on him," which "increases the importance for the public and press to access Mr. Key's plea agreement, plea transcript, and sentencing memorandum." *Id.* at PageID.5253. In response, Defendant Key and the Government argue that Mr. Blackwell lacks standing to raise this claim and that sealing was proper. *See* ECF No. 891; ECF No. 894. Mr. Blackwell did not file a reply.

The Court agrees with Defendant Key and the Government that Mr. Blackwell lacks standing. To have standing, a litigant (including a person intervening in a case, as Mr. Blackwell is), must "have suffered an injury in fact that is fairly traceable to the defendant and likely redressable by a favorable decision." *Grae v. Corr. Corp. of Am.*, 57 F.4th 567, 569 (6th Cir. 2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). An injury must be concrete and particularized. *Id.*

Although there is a long-recognized common-law right of access to court records, "the mere denial of information is insufficient to support standing." *Id.* (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 442 (2021)). This is because the "denial of information, without more," cannot "satisfy the concreteness element of

the constitutional standing doctrine." *Merck v. Walmart, Inc.*, 114 F.4th 762, 774–75 (6th Cir. 2024). For the denial of information to be a sufficiently concrete injury, the party seeking court records must show that he "suffered adverse effects from the denial of access to [the] information." *United States v. McDowell*, No. 23-5837, 2024 WL 4589496, at *2 (6th Cir. Oct. 28, 2024). "In other words, a [movant] must identify 'downstream consequences' from the information's denial." *Id.* (citing *TransUnion LLC*, 594 U.S. at 442). Those consequences must be of "some relevance" to the plaintiff and "specifically relate to some negative outcome that the plaintiff suffered because he was unable to use that information to his benefit." *Merck*, 114 F.4th at 776.

Notably, the Sixth Circuit freely applies this "adverse-effects rule" in public-disclosure cases, *i.e.*, cases that assert the public right of access to certain information. *Grae*, 57 F.4th at 571. "No matter how important the public's right to access judicial records, we may adjudicate only 'a real controversy with real impact on real persons.'" *Id.* (quoting *TransUnion*, 594 U.S. at 424).

Here, Mr. Blackwell has not asserted that he personally has suffered any adverse effects or downstream consequences as a result of the denial of information. As a comparison, courts have found that movants requesting the unsealing of court records in criminal cases have sufficiently alleged "adverse effects," and therefore had standing, where the sealed records were pertinent to their own criminal defenses

3

in their own criminal cases. *See United States v. Kincaide*, No. 3:22-cr-115-DJH, 2023 WL 5154527, at *3 (W.D. Ky. Aug. 10, 2023); *United States v. McDowell*, No. 3:19-cr-14-RGJ, 2023 WL 5944295, at *3 (W.D. Ky. Sept. 12, 2023). Although this certainly is not the extent of what may constitute an "adverse effect" in these circumstances, these cases stand in stark contrast to Mr. Blackwell's motion, which asserts no personal adverse effects at all. Rather, Mr. Blackwell's motion is entirely focused on the public's general right to the information. *See* ECF No. 890, PageID.5250 ("[T]hese documents are… under seal[,] leaving the public completely in the dark."); *id.* at 5253 ("[T]his increases the importance for the public and press to access Mr. Key's plea agreement, plea transcript, and sentencing memorandum."); *id.* ("As a member of the public, I request the Court docket this letter as a challenge to the improper sealing…").

Accordingly, Mr. Blackwell lacks standing to intervene for the purpose of seeking the unsealing of court records in this case. Mr. Blackwell's Motion to Unseal Judicial Records [ECF No. 890] is DENIED. In addition, his Motion for Expedited Consideration of the Motion to Unseal Judicial Records [ECF No. 897] is now MOOT.

**IT IS SO ORDERED.**

Dated:  June 10, 2026                                    /s/Gershwin A. Drain
                                                                   GERSHWIN A. DRAIN
                                                                   United States District Judge

4